UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISON

| | |
|---|---|
| Jason Russell Sullivan,<br><br>                 Plaintiff,<br><br>vs.<br><br>Publix Supermarkets, Inc.; Greenville Memorial Hospital; Beasley Funeral Home; TD Bank; John Abdalla; Mecklenburg County Jail,<br><br>                 Defendants. | Civil Action No. 6:20-3833-BHH<br><br>**OPINION AND ORDER** |

Plaintiff Jason Russell Sullivan ("Plaintiff") brought this civil action pursuant to 42 U.S.C § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Kevin F. McDonald for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge McDonald on February 22, 2021. (ECF No. 22.) In his Report, the Magistrate Judge recommends that Plaintiff's amended complaint be dismissed for failure to state a claim upon which relief may be granted. (*Id.* at 1, 6–7.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

Magistrate Judge McDonald issued the Report on February 22, 2021. (ECF No.

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

22.) Plaintiff filed objections on March 16, 2021. (ECF No. 25.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.* If a party fails to file any specific objections, this Court "need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## DISCUSSION

In his Report, Magistrate Judge McDonald first found that Mecklenburg County Jail is not a proper defendant to Plaintiff's § 1983 suit because only "persons" can act under color of state law, and inanimate objects such as buildings, facilities, and grounds do not qualify as "persons" within the meaning of the statute. (ECF No. 22 at 4–5.) As to Plaintiff's § 1983 claims against Defendants Publix Supermarkets, Inc., Greenville Memorial Hospital, Beasley Funeral Home, and TD Bank (collectively, "Corporate Defendants"), as

well as John Abdalla, Esq., the Magistrate Judge concluded such claims are subject to summary dismissal because, even liberally construed, the amended complaint does not allege conduct by any of these Defendants that is fairly attributable to the state, and thus none of these Defendants can be said to have acted under color of state law. (*Id.* at 5–6.) Accordingly, Magistrate Judge McDonald recommended that this action be dismissed *with prejudice* and without leave for further amendment, because, despite being given an opportunity to correct the defects identified in Plaintiff's pleading, and despite Plaintiff filing an amended complaint, the identified deficiencies were not cured. (*Id.* at 6–7.)

Plaintiff submitted objections to the Report which the Court has carefully reviewed. (ECF No. 25.) Objections to the Report must be specific. The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of specific objections to the Report, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are alternatively non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. (*See* ECF No. 25.) The objections are replete with irrelevant factual assertions (e.g., "My grandmother passed away Feb, 2018 in Greenville S.C. where we are from, not while I was in the Mecklenburg County Jail which is in Charlotte N.C." (*id.* at 2 (errors in original))), attempts at improper bolstering (e.g., "I will take a polygraph for everything that has went on." (*id.* at 1)), and fanciful thinking (e.g., "Furthermore when the black male

3

officer comes back these things are still going on and I am on the floor at this time being kicked and punched still throughout this whole time with hand cuffs and shackles on. The pick me up and sit me back in the chair and with the help of the black male officer start punching me and hiting me and tring to put the pen in my hand." (*id.* at 7 (errors in original))). No new facts or arguments are presented to show any error in the Magistrate Judge's conclusions that Mecklenburg County Jail is not a "person" for purposes of § 1983, and that the Corporate Defendants and Mr. Abdalla are not alleged to have engaged in conduct that could be fairly construed as state action. In an abundance of caution, the Court has conducted a *de novo* review of the Report, the record, and the applicable law. However, nothing in Plaintiff's objections demonstrates any reason to deviate from the sound reasoning of Magistrate Judge McDonald, and the Court finds the objections to be without merit.

## CONCLUSION

For the reasons set forth above, the Report (ECF No. 22) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's objections (ECF No. 25). This action is dismissed *with prejudice* and without leave for further amendment.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 15, 2022
Charleston, South Carolina